UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH WYLIE : | |
|     Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3-03-cv-426 (JCH) |
| : | |
| JOHN POTTER : | JULY 9, 2004 |
|     Defendant : | |

## PRO SE PRETRIAL ORDER

**TRIAL MEMORANDUM**

_____The trial memoranda, required by the Standing Order Regarding Trial Memoranda in Civil Cases, will be filed on or before **SEPTEMBER 30, 2004.**

Because the plaintiff is a pro se litigant, the court will require counsel for defendant to draft a Trial Memorandum in accordance with the Court's Pretrial Order. That Trial Memorandum will be served on the plaintiff, who will have the option of: (1) agreeing with the Trial Memorandum; (2) supplementing the Trial Memorandum; or (3) filing his own Trial Memorandum. The parties will observe the following schedule for the filing of the Trial Memorandum:

    a.    Defendant will provide his Pretrial Memorandum to Plaintiff on or before **AUGUST 11, 2004.**

    b.    Plaintiff will adopt, supplement, or file his own Pretrial Memorandum on or before **SEPTEMBER 10, 2004.**

    c.    Defendant will file his Pretrial Memorandum by **SEPTEMBER 15, 2004.**

If the plaintiff fails to respond by **SEPTEMBER 10, 2004,** he will be deemed to have adopted the Pretrial Memorandum submitted by defendant.

### PRETRIAL STATEMENT TO OBTAIN WITNESSES

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.

In addition to the matters which the Pretrial Order requires the Trial Memorandum to address, the plaintiff is required to make a particularized showing in a pretrial statement in order to obtain the attendance of witnesses.  **The plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

If the plaintiff wants to call witnesses to testify, he must follow certain procedures, described here, to make sure that the witnesses will be at the trial and available to testify.

The prospective witness' actual knowledge of relevant facts can be shown in one of two ways:

1. The party himself can swear by affidavit that the prospective witness has actual knowledge.  However, this can be done only if the party has actual firsthand

knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts;

_____or

2.   The party can serve and file an affidavit sworn to by the prospective witness in which the witness describes the relevant facts to which the prospective witness was and eye- or ear-witness.

Whether the affidavit is made by the plaintiff or by the prospective witness, it must be specific about what the incident was, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness' fee of $40.00.  Because no statute authorizes the use of public funds for these expenses in civil cases, you must pay witness fees and travel expenses even if you were granted leave to proceed in forma pauperis.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 9th day of July, 2004.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge