UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEITH WYLIE, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Docket No. 3:03CV00426(JCH) |
| ) | |
| ) | |
| JOHN E. POTTER, Postmaster ) | |
| General, ) | |
| ) | |
| Defendant ) | |

## DECLARATION OF ALVIA ELLIOTT PURSUANT TO 28 U.S.C. §1746

I, Alvia Elliott, depose and states as follows:

1. I am the Family Medical Leave Act (" FMLA" Coordinator in the U.S. Postal Service Southern CT Processing and Distribution Center, located in Wallingford, CT.

2. In my role as FMLA Coordinator, I am familiar with the Postal Service records relating to Keith Wylie's FMLA eligibility during 2001.

3. My review of the appropriate records indicates that Mr. Wylie was notified on January 13, 2001 that he was not qualified for FMLA-approved leave, as of that date, because he had failed to work the requisite number of work hours in the prior year. This notice was sent to Mr. Wylie by Mary C. Welborn, the Manager, Distribution Operations for Tour One at the Wallingford, CT Processing and Distribution Center. The notice was sent certified mail, return receipt requested.

**Exhibit 4**

Mr. Wylie received the notice on January 20, 2001, as evidenced by his signature on the delivery receipt. A copy of the notice and the delivery receipt is attached to this declaration.

4. In reviewing the FMLA records relative to Keith Wylie, I was also able to determine that he did not become eligible for FMLA leave until May 14, 2001. However, Mr. Wylie did not, with respect to his absences on May 13 through May 16, 2001, provide the required medical documentation and he was not, therefore, granted FMLA leave status on those dates.

I declare under penalty of perjury that the foregoing is true and correct. Executed on _September 29_, 2004.

_Alvia Elliott_
Alvia Elliott