UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KEITH WYLIE                          :
       Plaintiff              :
                           :           CIVIL ACTION NO.
V.                                   :           3-03-cv-426 (JCH)
                           :
JOHN E. POTTER                       :           JUNE 7, 2005
       Defendant              :

**NOTICE TO PRO SE LITIGANT**

On October 8, 2004, defendant, John E. Potter filed a Motion for Summary

Judgment (Dkt. No. 19).  In a motion for summary judgment, the burden is on the

moving party to establish that there are no genuine issues of material fact in dispute

and that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221

F.3d 293, 300 (2d Cir. 2000).  Once the moving party has met its burden, in order to

defeat the motion the nonmoving party must "set forth specific facts showing that there

is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as

would allow a jury to find in his favor.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d

Cir. 2000).

The court hereby gives notice to the pro se plaintiff that the plaintiff must

demonstrate to the court that material issues of fact exist such that granting summary

judgment would not be appropriate.  The plaintiff may not rely on conclusory

allegations, from either his complaint or his motions.  He must present evidence to the

court in the form of affidavits, deposition testimony, or records that substantiate his

- 1 -

claim against the defendants.

Any further filings by the plaintiff must be made by **JUNE 30, 2005**.  The court reminds the plaintiff that any filing with the court must be served, by mail, at the same time upon defendant's counsel.  If the plaintiff does not come forward with evidence, the defendant's motion will likely be granted, and the claims the defendant seeks to have dismissed will likely be dismissed.  See Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules).

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 7th day of June, 2005.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge